JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On June 6, 2007, Rubin Austin commenced this mandamus action against Sheriff Gerald McFaul to compel him to comply with Judge Mannen's order that granted Austin's motion for jail-time credit but ordered the Sheriff's Office to calculate. On June 20, 2007, McFaul, through the Cuyahoga County Prosecutor, filed a motion for summary judgment. For the following reasons, we grant the motion for summary judgment.
 {¶ 2} Initially, we note that Austin failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that the complaint be supported by an affidavit which specifies the details of the claim. Attaching an affidavit that merely avers that "the facts stated and matters contained in the foregoing complaint and petition are true and correct to the best of my knowledge and recollection," does not specify the details of the claim.[1] The failure to comply with the supporting affidavit provision of Loc.App.R. 45(B)(1)(a) requires dismissal of the complaint.[2]
 {¶ 3} Notwithstanding the above, McFaul has demonstrated that Austin was released from prison on June 19, 2007. Therefore, Austin's release from prison renders the issue of jail-time credit moot.[3] *Page 4 
 {¶ 4} Accordingly, we deny the request for a writ of mandamus. Austin to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Complaint denied.
COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] State ex rel. Pesci v. Jones (Mar. 16, 2000), Cuyahoga App. No. 77464; see, also, State ex rel. White v. Suster (Aug. 3, 2000), Cuyahoga App. No. 77894.
[2] State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
[3] State ex rel. Rodgers v. Saffold (Oct. 8, 1998), Cuyahoga App. No. 74520; *Page 1